Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

USPS CERTIFIED MAIL™

9214 8901 1251 3410 0002 7644 15

**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

CMFG LIFE INSURANCE COMPANY
CMFG LIFE INSURANCE
5910 MINERAL POINT ROAD
MADISON, WI 53705

**Control Number:** 262791

**Defendant:** CMFG LIFE INSURANCE COMPANY
5910 MINERAL POINT ROAD
MADISON, WI 53705 US

**Agent:** CMFG LIFE INSURANCE

**County:** Marshall

**Civil Action:** 20-C-105

**Certified Number:** 92148901125134100002764415

**Service Date:** 9/9/2020

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your authorized insurance company.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your authorized insurance company as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper,* ***not to the Secretary of State's office.***

Sincerely,

Mac Warner

Mac Warner
Secretary of State

ALL-STATE LEGAL®
EXHIBIT
A

IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

***CIVIL SUMMONS***

**DONNA DARLENE ALLMAN**
Plaintiff,

vs. Civil Action No. **20-C-105**

**CMFG LIFE INSURANCE COMPANY**
**Defendant**

You are hereby summoned and required to serve upon **MICHELLE MARINACCI, Esq.,** whose address is **Gold, Khourey & Turak, L.C., 510 Tomlinson Ave., Moundsville, WV 26041** an **ANSWER** including any related counter-claim you may have the complaint filed against you in the above styled civil action, a true copy of which is hereby delivered to you. You are required to serve your answer within **30** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting, in another action, any claim you may have, which must be asserted by counter-claim in the above styled civil action.

Dated: **September 1, 2020**

Joseph M Rucki, Clerk

By: [signature]
Deputy Clerk

**CMFG LIFE INSURANCE COMPANY**
**5910 MINERAL POINT ROAD**
**MADISION, WI 53705**



IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

DONNA DARLENE ALLMAN,

Plaintiff,

vs.

Civil Action No. 20-C-105

Judge Hummel

CMFG LIFE INSURANCE COMPANY,

Defendant.

**COMPLAINT**

COMES NOW, Plaintiff Donna Darlene Allman, who for her Complaint against CMFG Life Insurance Company alleges as follows:

1. Plaintiff Donna Darlene Allman is and was, at all times material and relevant herein, a resident of Moundsville, Marshall County, West Virginia.

2. Defendant CMFG Life Insurance Company [hereinafter "CMFG Life"] is a foreign insurance company organized and existing under the laws of Iowa which is licensed and authorized to do business in the State of West Virginia and does business in the State of West Virginia, including soliciting and issuing life insurance policies to residents of Marshall County, West Virginia.

3. At all times material and relevant herein, Frances O'Neal Stone was a resident of Moundsville, Marshall County West Virginia.

4. On March 20, 2019, fifty (50) year old Frances O'Neal Stone died as a result of injuries sustained in an automobile accident which occurred on Interstate 77 Northbound at mile-marker 22.5 in Camp Creek, Mercer County, West Virginia. *See*, Death Certificate attached as Exhibit A hereto.

5. In the year 2017 or 2018, Frances O'Neal Stone received a solicitation from Defendant CMFG Life for the purchase of a life insurance policy in the mail at the Moundsville, West Virginia home he shared with Plaintiff Donna Darlene Allman.

6. Frances O'Neal Stone responded to the solicitation from Defendant CMFG Life and agreed to purchase a life insurance policy providing death benefits in the amount of $100,000.00.

7. Frances O'Neal Stone designated Plaintiff Donna Darlene Allman as the beneficiary of the $100,000.00 life insurance policy he purchased from Defendant CMFG Life.

8. Defendant CMFG Life issued a life insurance policy being Certificate/Policy Number LC0309341 insuring the life of Frances O'Neal Stone in the amount of $100,000.00 and designating Plaintiff Donna Darlene Allman as the beneficiary. A copy of CMFG Life Certificate/Policy Number LC0309341 is not attached hereto inasmuch as Plaintiff is not in possession of the same and CMFG Life has ignored Plaintiff's counsel's letters of representation and requests for production of the same.

9. Plaintiff Donna Darlene Allman timely provided Defendant CMFG Life with notice of Frances O'Neal Stone's death and her claim for benefits, including providing Defendant CMFG with a copy of Frances O'Neal Stone's death certificate which indicates his death was caused by "multiple traumatic injuries motor vehicle crash".

10. In response to Defendant CMFG Life's request for additional information which Plaintiff Donna Darlene Allman had no legal authority or ability to personally obtain, Plaintiff Donna Darlene Allman provided Defendant CMFG Life with the name and contact information of Frances O'Neal Stone's next of kin/legally recognized representative.

11. The information sought by Defendant CMFG, medical records from a closed hospital's neurosurgery department spanning a date range of August 2013-August 2015, have no arguable relevance to Frances O'Neal Stone's cause of death, *i.e.*, multiple traumatic injuries sustained in an automobile crash.

12. Despite Plaintiff Donna Darlene Allman repeatedly informing Defendant CMFG Life that she has no legal authority to obtain the information requested, Defendant CMFG has repeatedly sent Plaintiff Donna Darlene Allman form letters demanding she provide information she has no legal authority or ability to obtain.

13. As of the date this Complaint was filed, Defendant CMFG Life has failed to pay contractual death benefits due and owing to Plaintiff Donna Darlene Allman under Certificate/Policy Number LC0309341.

**COUNT I**
**BREACH OF CONTRACT**

14. Plaintiff reasserts and re-alleges the matters set forth in paragraphs 1-13 above as if set forth fully herein.

15. All premium payments due and owing had been paid and CMFG Life Certificate/Policy Number LC0309341was in full force and effect on March 20, 2019.

16. Plaintiff Donna Darlene Allman fully complied with all requirements and policy provisions outlined in CMFG Life Certificate/Policy Number LC0309341, and is legally entitled to payment of the $100,000.00 death benefit, plus interest.

17. Defendant CMFG Life's failure to pay the benefits available under CMFG Life Certificate/Policy Number LC0309341 to Plaintiff Donna Darlene Allman constitutes a breach of the insurance contract.

**COUNT II**
**BREACH OF THE IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING**

18. Plaintiff reasserts and re-alleges the matters set forth in paragraphs 1-17 above as if set forth fully herein.

19. Inherent in Certificate/Policy Number LC0309341 is an implied covenant of good faith and fair dealing.

20. Defendant CMFG Life failed to undertake prompt and reasonable efforts to evaluate, negotiate and adjust Plaintiff's claim for life insurance policy benefits, or, in the alternative, did evaluate said claim and deliberately chose to withhold payment of contractual benefits due and owing to Plaintiff Donna Darlene Allman.

21. Defendant CMFG Life failed to undertake an adequate investigation of Plaintiff's claim; or, in the alternative, undertook an adequate investigation of the claim which it then purposefully ignored and failed to undertake settlement negotiations in good faith.

22. Defendant CMFG Life demonstrated a pattern of delay, lack of reasonable evaluation and attempts to frustrate Plaintiff into abandoning her claim.

23. Defendant CMFG Life, by and through its agents, representatives and employees, placed its own interests ahead of those of its insureds in the handling of Plaintiff's claim.

24. The acts and omissions of Defendant CMFG Life, by and through its agents, representatives and employees in the handling of Plaintiff's claim, as hereinabove described, constitute a breach of the implied covenant of good faith and fair dealing inherent in Certificate/Policy Number LC0309341.

25. As a direct and proximate result of Defendant CMFG Life's breach of the implied covenant of good faith and fair dealing, Plaintiff Donna Darlene Allman has been forced to retain

counsel, incur attorney fees and costs and institute a lawsuit to obtain policy benefits due and owing to her.

26. The acts and omissions of Defendant CMFG Life, by and through its agents, representatives and employees in the handling of Plaintiff's claim caused Plaintiff to sustain emotional distress, mental anguish, annoyance, aggravation, inconvenience and other general damages.

27. The acts and omissions of Defendant CMFG Life, by and through its agents, representatives and employees in the handling of Plaintiff's claim caused Plaintiff to incur costs, expenses and attorneys' fees.

28. The acts and omissions of Defendant CMFG Life, by and through its agents, representatives and employees in the handling of Plaintiff's claim, as hereinabove described, were intentional, reckless, willful, and were done in bad faith and with a blatant disregard for the rights and interests of its insureds.

29. The acts and omissions of Defendant CMFG Life, by and through its agents, representatives and employees in the handling of Plaintiff's claim were so outrageous that Plaintiffs are entitled to recover punitive damages from Defendant CMFG Life in order to punish Defendant CMFG Life and to deter it and other insurance companies from engaging in the same or similar conduct in the future.

30. As the direct and proximate result of Defendant CMFG Life's breach of the implied covenant of good faith and fair dealing, Plaintiff is entitled to recover compensatory as well as punitive damages.

**COUNT III**
**STATUTORY BAD FAITH**

31. Plaintiff reasserts and re-alleges the matters set forth in paragraphs 1-30 above as if set forth fully herein.

32. The acts and omissions of Defendant CMFG Life, by and through its agents, representatives and employees in the handling of Plaintiff's claims violated various provisions of Title 114, Series 14 of the Legislative Rules of the West Virginia Insurance Commissioner.

33. The acts and omissions of Defendant CMFG Life, by and through its agents, representatives and employees in the handling of Plaintiff's claims violated West Virginia Code §33-11-4(9) in at least the following respects:

a. misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;

b. failing to acknowledge and act reasonably promptly on communications with respect to claims arising under the insurance policy

c. failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

d. refusing to pay claims without conducting a reasonable investigation based upon all available information;

e. not attempting in good faith to effectuate a prompt, fair and equitable settlement of the claims when liability was reasonably clear;

f. compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered; and

  g.  failing to provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the offer of a compromise settlement.

34. The acts and omissions of Defendant CMFG Life, by and through its agents, representatives and employees in the handling of Plaintiff's claims were committed and/or performed with such frequency as to indicate a general business practice.

35. The acts and omissions of Defendant CMFG Life, by and through its agents, representatives and employees in the handling of Plaintiff's claims caused Plaintiff to sustain emotional distress, mental anguish, annoyance, aggravation, inconvenience and other general damages.

36. The acts and omissions of Defendant CMFG Life, by and through its agents, representatives and employees in the handling of Plaintiff's claim caused Plaintiff to incur costs, expenses and attorneys' fees.

37. The acts and omissions of Defendant CMFG Life, by and through its agents, representatives and employees in the handling of Plaintiff's claim were intentional, reckless, willful, and were done in bad faith and with actual malice and a blatant disregard for the rights and interests of its insureds.

38. The acts and omissions of Defendant CMFG Life, by and through its agents, representatives and employees in the handling of Plaintiff's claim were so outrageous that Plaintiffs are entitled to recover punitive damages from Defendant CMFG Life in order to punish Defendant CMFG Life and to deter it and other insurance companies from engaging in the same or similar conduct in the future.

39. As the direct and proximate result of Defendant CMFG Life's violations of West Virginia Code §33-11-4(9) and Title 114, Series 14 of the Legislative Rules of the West Virginia Insurance Commissioner, Plaintiff is entitled to recover compensatory as well as punitive damages.

WHEREFORE, Plaintiff Donna Darlene Allman prays that judgment be entered against the Defendant, CMFG Life Insurance Company, for $100,000.00 in contractual benefits, plus all applicable contractual and/or statutory interest due and owing, for compensatory, general and punitive damages in an amount to be determined by a jury, for attorneys' fees, costs and expenses as well as all pre-judgment interest and post-judgment interest permitted by law, together with such other and further relief as may become apparent as this matter progresses and/or which this Court may deem proper.

**A TRIAL BY JURY IS DEMANDED ON ALL ISSUES.**

DONNA DARLENE ALLMAN,

Plaintiff,

By counsel,

Michelle Marinacci (#7482)
Christopher M. Turak (#8611)
GOLD, KHOUREY & TURAK, L.C.
510 Tomlinson Avenue
Moundsville, WV 26041
T: (304) 845-9750
F: (304) 845-1286
E: mlm@gkt.com
E: cmt@gkt.com
and
C. Richard Wilson (#5748)
Wilson Law Offices
515 Jefferson Avenue
Moundsville, WV 26041
T: (304) 843-2300; F: (304) 843-2301
E-Mail: rwilson@wilsonlawoffices.com
***Attorneys for Plaintiff***

# WEST VIRGINIA DEPARTMENT OF HEALTH AND HUMAN RESOURCES
## BUREAU FOR PUBLIC HEALTH — VITAL REGISTRATION OFFICE
### PHYSICIAN'S / MEDICAL EXAMINER'S CERTIFICATE OF DEATH
350 CAPITOL STREET, ROOM 165, CHARLESTON, WV 25301

**State File Number:** 005208

| Field | Value |
|---|---|
| 1. Decedent's Legal Name | Frances O'Neal Stone |
| 2. Sex | M |
| 3. Social Security Number | [redacted] |
| 4a. Age (Last Birthday) | 50 |
| 5. Date of Birth | [redacted] |
| 6. Birthplace | Bastrop, LA |
| 7a. Residence (State) | WV |
| 7b. County | Marshall |
| 7c. City or Town | Moundsville |
| 7d. Street and Number | 2801 Shirley Terrace Lot 2 |
| 7f. Zip Code | 26041 |
| 7g. Inside City Limits? | No |
| 7h. 2nd Legal Residence – Street & Number | 14786 Old Bonita Rd |
| City or Town | Bastrop |
| County | Morehouse |
| State | LA 71220 |
| 8. Ever in US Armed Forces? | No |
| 9. Marital Status at Time of Death | Unknown |
| 10. Surviving Spouse's Name | — |
| 11. Father's / Parent 1's Name | Vernon Leory Stone |
| 12. Mother's / Parent 2's Name | [illegible] |
| 13a. Informant's Name | Vernon Stone |
| 13b. Relationship to Decedent | Brother |
| 13c. Mailing Address | 14786 Old Bonita Rd, Bastrop, LA 71220 |
| 14. Place of Death | Other (Specify): Road |
| 15. Facility Name | I-77 North 22.5 mm |
| 16. City or Town, State, and Zip Code | Camp Creek, WV 25820 |
| 17. County of Death | Mercer |
| 18. Method of Disposition | Cremation |
| 19. Place of Disposition | Seaver Crematorium |
| 20. Disposition Location | Princeton, WV |
| 21. Name and Complete Address of Funeral Facility | Seaver Funeral Svs, 1507 N. Walker St., Princeton, WV 24740 |
| 22. Signature of Funeral Service Licensee | Amy Seaver |
| 23. License Number | 3645 |
| 24. Date Pronounced Dead | 03/20/2019 |
| 25. Time Pronounced Dead | 17:07 |
| 28. Actual or Presumed Date of Death | 03/20/2019 |
| 29. Actual or Presumed Time of Death | 1645 |
| 30. Was Medical Examiner or Coroner Contacted? | Yes |
| If Yes, Medical Examiner Case # | 19-1576 |

### 31. Cause of Death

**Part I – Immediate Cause:**
a. Multiple traumatic injuries
b. Motor Vehicle Crash

**Approximate Interval Between Onset and Death:** Mins

| Field | Value |
|---|---|
| 32a. Was an Autopsy Performed? | No |
| 32b. Were Autopsy Findings Available to Complete the Cause of Death? | No |
| 33. Did Tobacco Use Contribute to Death? | No |
| 34. If Female | Not pregnant within past year |
| 35a. Cause/Manner Pending | — |
| 35b. Final Manner of Death | Accident |
| 36a. Date of Injury | 03/20/2019 |
| 36b. Time of Injury | 1640 |
| 36c. Place of Injury | Roadway |
| 36d. Injury at Work? | No |
| 36e. Location of Injury — Street & Number | I-77 North 22.5 mm |
| City or Town | Camp Creek |
| State | WV |
| Zip Code | 25820 |
| 36f. Describe How Injury Occurred | Struck another trailer going north – lost control [illegible] |
| 36g. Transportation Injury Role | Driver/Operator |
| Seatbelt Restraint Status | Restrained |
| Helmet Status | No helmet |
| 37a. Certifier | Medical Examiner/Coroner |
| Signature of Certifier | [signature] |
| Date Certified | 03/20/2019 |
| 37b. Print Name, Address and Zip Code of Person Certifying to Cause of Death | James Saddler, 619 W St, West Charleston, WV 25302 |
| 37c. Title of Certifier | ME |
| 38. For Official Registrar Use Only – Signature of Registrar | Pamela Haynes |
| Date Filed | APR 01 2019 |

Form VS-002 (Rev. 9/2017) — ESTATE/COUNTY ORIGINAL

**PLAINTIFF'S EXHIBIT A**



# STATE OF WEST VIRGINIA

Date Certified: Apr 30 2019

This is to certify that this document is a true and accurate reproduction of an official record, or the facts abstracted from an official record on file with:

Vital Statistics
Bureau for Public Health
West Virginia Department of Health and Human Resources
Charleston, West Virginia

Gary L. Thompson
State Registrar

The certified copy or information appears on the reverse side on multicolor surface. Document contains heat-sensitive stamp and watermark.

Do not accept without verifying watermark and heat-sensitive stamp.

WARNING!
It is a crime punishable by fine and imprisonment to counterfeit or alter this certificate or to use the vital statistics record of another person for deceptive purposes.

DHHR-REVISED 11/2016

IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

# CIVIL CASE INFORMATION STATEMENT
## (Civil Cases Other than Domestic Relations)

**I. CASE STYLE:**

Case No. 20-C-105

Judge: Hummel

**Plaintiff(s)**

Donna Darlene Allman

Plantiff's Phone: (304) 231-4871

vs.

**Defendant(s)**

CMFG Life Insurance Company
Name

5910 Mineral Point Road
Street Address

Madison, WI 53705
City, State, Zip Code

Days to Answer: 30

Type of Service: Secretary of State

Defendant's Phone:

**II. TYPE OF CASE:**

- [x] General Civil
- [ ] Mass Litigation *[As defined in T.C.R. 26.04(a)]*
  - [ ] Asbestos
  - [ ] FELA Asbestos
  - [ ] Other:
- [ ] Habeas Corpus/Other Extraordinary Writ
- [ ] Other:
- [ ] Adoption
- [ ] Administrative Agency Appeal
- [ ] Civil Appeal from Magistrate Court
- [ ] Miscellaneous Civil Petition
- [ ] Mental Hygiene
- [ ] Guardianship
- [ ] Medical Malpractice

**III. JURY DEMAND:** [x] Yes [ ] No CASE WILL BE READY FOR TRIAL BY (Month/Year): 08 / 2021

**IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS?**

[ ] Yes [x] No

**IF YES, PLEASE SPECIFY:**

- [ ] Wheelchair accessible hearing room and other facilites
- [ ] Reader or other auxiliary aid for the visually impaired
- [ ] Interpreter or other auxiliary aid for the deaf and hard of hearing
- [ ] Spokesperson or other auxiliary aid for the speech impaired
- [ ] Foreign language interpreter-specify language:
- [ ] Other:

Attorney Name: Michelle L. Marinacci, Esq. #7482

Firm: Gold, Khourey & Turak, L.C.

Address: 510 Tomlinson Avenue Moundsville, WV 26041

Telephone: (304) 845-9750

[ ] Proceeding Without an Attorney

Representing:

- [ ] Plaintiff
- [ ] Defendant
- [ ] Cross-Defendant
- [ ] Cross-Complainant
- [ ] 3rd-Party Plaintiff
- [ ] 3rd-Party Defendant

Original and 4 copies of complaint enclosed/attached.

Dated: 08 / 31 / 2021 Signature: Michelle Marinacci

CERTIFIED MAIL

US POSTAGE
ZIP 25311
02 4W
0000338734

5910 Shipping

RCVD: 9/15/2020 9:38:57 AM

Carrier: US POSTAL

BDG: 5910

TO: Carla

Zick

PH: x665.7920

DEPT: Legal Op

PCS: 1 of 1

8901125134100002764415

Zick, Carla